**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| STEVE FANADY, | ) | Case No. 21-02651 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **April 15, 2021, at 1:30 p.m**., we will appear before the Honorable Judge Timothy A. Barnes, or any judge sitting in that judge's place, and present the ***Motion for Relief from the Automatic Stay or, in the Alternative, Motion to Enforce Travel Bar Order*** (the "Motion") filed by Pamela Harnack, a copy of which is attached hereto.[1]

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

---

[1] Hard copies of exhibits will be made available upon request.

Dated: April 8, 2021

Respectfully submitted,

**PAMELA HARNACK**

By: ___/s/ Elizabeth B. Vandesteeg___
Elizabeth B. Vandesteeg, Esq.
Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
2 N. La Salle, Suite 1300
Chicago, Illinois 60602
Telephone: 312-346-8380
e-mail: evandesteeg@lplegal.com
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

## **CERTIFICATE OF SERVICE**

  I, Elizabeth B. Vandesteeg, the undersigned attorney, hereby certify that on April 8, 2021, I caused a copy of the ***Notice of Motion*** and ***Motion for Relief from the Automatic Stay or, in the Alternative, Motion to Enforce Travel Bar Order***, *sans* exhibits, which may be requested by contacting counsel, to be filed via the Court's ECF system and first class U.S. mail, as indicated below.

                           /s/ Elizabeth B. Vandesteeg

## **SERVICE LIST**

**VIA CM/ECF**
Ben L Schneider
ben@windycitylawgroup.com

**VIA FIRST CLASS U.S. MAIL**

| | |
|---|---|
| Pat Carlin | Steve Fanady |
| 2501 W. Lawrence Ave. | 4360 Lindenwood Ln. |
| Suite H | Northbrook, IL 60062-1020 |
| Chicago, IL 60625-2958 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| STEVE FANADY, | ) | Case No. 21-02651 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**OR, IN THE ALTERNATIVE, MOTION TO ENFORCE TRAVEL BAR ORDER**

Pamela Harnack ("Harnack"), hereby files this Motion (the "Motion") seeking an order (a) lifting the automatic stay in order to enable Harnack to enforce the March 30, 2011 *Order* (the "Travel Bar Order") of the Circuit Court of Cook County (the "Divorce Court") and to file an intervenor action in the pending marital dissolution proceeding between the Debtor and his second ex-wife (the "Fanady Divorce Proceeding"), or, in the alternative, (b) enforcing the Travel Bar Order. In support of the Motion, Harnack submits the *Declaration of Michael G. DiDomenico in Support of Motion to Dismiss Chapter 13 Case or, in the Alternative, Motion for Relief from the Automatic Stay as to Non-Estate Property* (the "DiDomenico Declaration," attached hereto as Exhibit A) and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  The Debtor has sought leave from the court in the Fanady Divorce Proceeding to travel to Greece for a month this summer, with the motion set for hearing on April 15, 2021. Not only is such international travel expressly enjoined by the Travel Bar Order, but Harnack is also gravely concerned that, if permitted to leave, the Debtor will simply fail to return to the United States, thereby evading the body attachment order for his arrest that is also pending in their divorce

proceeding (and stayed only by the filing of this chapter 13 case). Harnack requires relief from the automatic stay in order to: (i) intervene in the second divorce proceeding and (ii) enforce the Travel Bar Order. Alternatively, Harnack requests that this Court enter an order of its own enforcing the Travel Bar Order, enjoining the Debtor from leaving the country and requiring turnover of his passports.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. The Divorce Court Proceeding and Entry of the TRO

4.     The Debtor and Harnack were married on October 25, 2003, in Chicago, Illinois. Judgment for Dissolution of Marriage (the "JDM," attached to the DiDomenico Declaration as Exhibit 1), ¶ 1. Harnack filed a Petition for Dissolution of Marriage on or about March 25, 2008 in the Divorce Court. JDM, ¶ 2.

5.     As set forth in further detail in Harnack's *Motion to Dismiss Chapter 13 Case or, in the Alternative, Motion for Relief from the Automatic Stay as to Non-Estate Property* [Docket No. 14] (the "Harnack Motion to Dismiss"), the Debtor's divorce proceeding was a convoluted and complex process due to the Debtor's endless delay tactics and hiding of assets.[1] The Debtor failed to comply with numerous court orders in connection with the divorce proceeding.

---

[1] For the avoidance of doubt, the Debtor incorporates the factual background set forth in the Harnack Motion to Dismiss, attached hereto (without its voluminous exhibits) as Exhibit C (¶ 4-16).

2

6. In March 2011, Harnack filed a *Verified Petition for a Temporary Restraining Order/Preliminary Injunction* in order to stop the Debtor from transferring or absconding from the country with assets that may have been awarded to Harnack. On March 30, 2011, the Divorce Court entered the Travel Bar Order, which provided, among other things, that the Debtor "is enjoined and restrained from leaving the jurisdiction of the United States of America and is ordered to turn over both his American and Greek passports to…[Harnack's counsel], within ten (10) days of this order." Travel Bar Order, ¶ 6. A true and correct copy of the Travel Bar Order is attached to the DiDomenico Declaration as Exhibit 2.

7. The Debtor's travel injunction is to remain in full force and effect "until the entry of a Judgment for Dissolution of Marriage dissolving the bonds of matrimony between the parties and the full and complete compliance by [Debtor] of all the terms and conditions of said Judgment to such other times as may be extended by the Court." Travel Bar Order, ¶ 7.

8. The Debtor ignored the Travel Bar Order and failed to turn his passport over to Harnack's counsel and continues to retain the CBOE shares (or their monetary equivalent) awarded to Harnack in contravention to the express terms of the JDM. See DiDomenico Declaration, ¶ 4; Harnack Motion to Dismiss, ¶¶ 8-12.

**B. The Greek Vacation Motion**

9. On March 30, 2021, the Debtor filed the *Motion for Leave to Take Sophia Fanady to Greece for Part of Summer Vacation 2021* (the "Greek Vacation Motion" attached hereto as Exhibit B), seeking to take his daughter to Greece for part of her summer vacation. Yet traveling anywhere outside the country is expressly prohibited by the Travel Bar Order.

10. Moreover, the Greek Vacation Motion notes that the Debtor has repeatedly violated the Travel Bar Order and travelled to Greece with his daughter every year since 2012, with the

3

exception of 2020 due to the COVID-19 pandemic. Greek Vacation Motion, ¶ 3.

C. **The Debtor's Chapter 13 Case**

11. On February 28, 2021 (the "Petition Date"), the Debtor filed this Chapter 13 Case in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Contemporaneously with the filing of the Chapter 13 Case, the Debtor filed his *Schedules of Assets and Liabilities* (the "Schedules") and *Statement of Financial Affairs* (the "SOFA") (see Docket No. 1). As set forth in the Harnack Motion to Dismiss, Harnack believes the Schedules (and now also the Debtor's Amended Schedules, filed at Docket No. 17) are misleading and inaccurate. *See* Harnack Motion to Dismiss at ¶¶ 36-40.

12. The Debtor's Amended Schedules were filed on March 25, 2021 and listed personal property totaling $2,700, including only $200 in cash. Yet, incredibly, just 5 days later, the Debtor filed the Greek Vacation Motion seeking to spend a month in Greece with his minor daughter.

13. Setting aside the implausibility of the Debtor reasonably being able to spend a month abroad for $200, Harnack believes that the Debtor is a "flight risk." As set forth in the Harnack Motion to Dismiss, there is a body attachment order entered against the Debtor, stayed only by this chapter 13 proceeding. To avoid the consequences of dismissal of his bankruptcy case (including the likelihood of the Debtor going to jail), there is a real possibility that the Debtor will not return to the United States if he is permitted to leave the country (which is the very reason the Travel Bar Order was entered in the first place).

14. Therefore, Harnack requests that this Court enter an order: (i) modifying the automatic stay pursuant to section 362 of the Bankruptcy Code, allowing Harnack to enforce the Travel Bar Order through the Divorce Court and seek to intervene in the Fanady Divorce Proceeding to object to the Greek Vacation Motion; or, (ii) in the alternative, enforcing the Travel

4

Bar Order under the broad authority granted by section 105(a) of the Bankruptcy Code, requiring the Debtor to turn over his passports and preventing him from leaving the country, at least pending a ruling on the Harnack Motion to Dismiss.

## BASIS FOR RELIEF

### A. The Automatic Stay Must be Lifted "For Cause"

15. Section 362(d)(1) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay - (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

16. The Bankruptcy Code does not define "cause" for the purposes of section 362(d)(1) of the Bankruptcy Code. "Cause" is therefore a discretionary matter to be determined on a "case by case basis." In re Benalcazar, 283 B.R. 514, 535-36 (Bankr. N.D. Ill. 2002).

17. The Seventh Circuit balances the costs and benefits of continuing the stay when litigation is pending in another forum, identifying three factors: (1) the potential prejudice to the debtor or the bankruptcy estate from allowing the non-bankruptcy litigation to continue; (2) the relative hardship to the debtor and to the party seeking relief; and (3) the movant's probability of prevailing on the merits in the litigation. In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991). As the Seventh Circuit has explained, "[t]he automatic stay may be modified when 'equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problem.'" In re Wrobel, 197 B.R. 289, 296 (Bankr. N.D. Ill. 1996) (citing Fernstrom, 938 F.2d at 735 (7th Cir. 1991)).

18. In this case, each of the Fernstrom factors weigh in favor of Harnack.

### 1. The Debtor will not be Prejudiced if the Automatic Stay is Lifted

19. The Debtor will not be harmed in any way if the automatic stay is lifted. The Debtor is already bound by the Travel Bar Order, notwithstanding the fact that he has apparently ignored it since at least 2012. The Debtor therefore bears the "responsibility for creating the problem" and relief from stay will not prejudice him in any way. Wrobel, 197 B.R. at 296.

20. Moreover, the Illinois Appellate Court has previously noted that "Fanady was the architect of his own predicament." In re Marriage of Harnack and Fanady, 2014 IL App (1st) 121424, ¶ 46. The Travel Bar Order is only effective until the Debtor complies with the JDM, which was originally entered in 2011. But for Debtor's decade-long refusal to comply with the JDM, which was subsequently affirmed on appeal, there would be no concern regarding the necessity of compliance. Similarly, the body attachment order outstanding against Debtor, amplifying the Debtor's flight risk, was entered only due to the Debtor's willful refusal to comply with the orders entered in the circuit court.

21. Finally, the Debtor repeatedly engaged in activity designed solely to frustrate the orderly administration of justice over the decades' long litigation in the Divorce Court. See, e.g., Harnack, 2014 IL App (1st) 121424, ¶¶ 24-27, 46, 48 (detailing orders not complied with and prior attempts at evasion of service and the jurisdiction).

22. Enforcing the Travel Bar Order will also not affect the administration of the Debtor's bankruptcy case in any way or otherwise deplete the Debtor's assets. See, e.g., Fernstrom, 938 F.2d at 734 (noting that allowing state court litigation to move forward "will neither deplete the debtor's assets or otherwise interfere with the administration of the bankruptcy proceeding, nor hinder the debtor's fresh start at the close of the proceeding"). Rather, the Debtor's attempts to leave the jurisdiction are designed to interfere with the proceedings by allowing Debtor to abscond

(likely with his undisclosed assets). See Harnack, 2014 IL App (1st) 121424, ¶ 15 fn. 3 ("[W]ithout Harnack's knowledge and while the dissolution action was pending, Fanady sold one seat for $2.775 million and transferred the money to a Swiss bank account[.]").

23. Moreover, failing to modify the automatic stay would reward the Debtor's flaunting of numerous court orders and penalize his creditors. In lieu of paying creditors, the Debtor proposes to use his "limited assets" for a Greek vacation, to the detriment of all his creditors.

24. Thus, the Debtor will not be prejudiced if the automatic stay is lifted.

### 2. The Relative Hardship to Harnack if the Automatic Stay is not Lifted will Outweighs Any Harm to the Debtor

25. The harm to Harnack if the automatic stay is not lifted and the Travel Bar Order is not enforced cannot be overstated. As a preliminary matter, Harnack is entitled to enforce the Travel Bar Order and ensure that the Debtor cannot use his bankruptcy case and the automatic stay as a "sword" allowing him to take actions that are otherwise prohibited. See, e.g., In re Mid-City Parking, Inc., 332 B.R. 798, 815 (Bankr. N.D. Ill. 2005) (quoting Winters by & Through McMahon v. George Mason Bank, 94 F.3d 130, 133, 135 (4th Cir.1996)) (noting that "[s]ection 362 is a shield, not a sword."). In addition, Harnack will likely be irreparably harmed if she is not able to enforce the Travel Bar Order because if the Debtor unlawfully leaves the country and does not come back, or uses his time abroad to move assets that may currently be in his possession or under his control, she may never be able to get the marital assets already awarded to her. This concern is well-grounded, given the Debtor's history. Harnack, 2014 IL App (1st) 121424, ¶¶ 24-27, 46, 48 (detailing orders not complied with and prior attempts at evasion of service and the jurisdiction) The Debtor has proven time and again his willingness to disregard court orders to advantage himself *vis a vis* anyone else. Harnack will therefore suffer irreparable harm if she is unable to

enforce the Travel Bar Order.

26. The Debtor, on the other hand, will experience no hardship if the automatic stay is lifted. In fact, the Debtor's only "hardship" is that he will not be permitted to violate the Travel Bar Order. No extra funds will need to be expended and no assets of the Debtor's estate will be depleted.

27. Therefore, the harm to Harnack far outweighs any harm the Debtor will suffer if the automatic stay is lifted.

### 3. Harnack's Probability of Success on the Merits Weighs in Favor of Lifting the Automatic Stay

28. The third Fernstrom factor involves the likelihood of success on the merits. The standard is similar to that for a preliminary injunction in that "demonstrating likelihood of success on the merits is not to prove that it is certain to prevail at trial. It will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." In re Rare, LLC, 298 B.R. 762, 769 (Bankr. D. Colo. 2003) (internal quotations omitted).

29. In the case at hand, Harnack has already prevailed on the merits and seeks only to enforce the Travel Bar Order, requiring the Debtor to surrender his passport and not leave the country. Moreover, as set forth in further detail in the Harnack Motion to Dismiss, there is no dispute that the Debtor has failed to comply with the terms of the JDM.

30. Similarly, given the body attachment order resulting from Debtor's adjudicated willful and contumacious non-compliance with an order of the Divorce Court, Harnack has a high likelihood of success if she were to intervene in the Fanady Divorce Proceeding. Specifically, there is a high likelihood of success, to the extent Harnack requests that the Fanady Divorce Proceeding

8

judge consider the effect of the Travel Bar Order on the best interests of the minor child at issue and otherwise deny Debtor's request to leave the jurisdiction.

31. Therefore, Harnack's probability of success on the merits weighs heavily in favor of lifting the automatic stay.

### 4. Cause Exists to Modify the Stay Because Harnack is not "Adequately Protected"

32. Finally, "cause" to modify the automatic stay can also include a "lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1); see also Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.), 16 F.3d 552, 564 (3d Cir. 1994) ("The whole purpose of adequate protection for a creditor is to ensure that the creditor receives the value for which [it] bargained pre-bankruptcy.") (citations omitted).

33. The Divorce Court previously found that the entry of the Travel Bar Order was "necessary to protect the property and preserve the status quo and to prevent irreparable harm and damage to the property rights of" Harnack. Travel Bar Order, ¶ B. Without the Debtor's compliance with the Travel Bar Order, irreparable harm will continue, and no other remedy will provide adequate protection and ensure that Harnack receives the property she was awarded via the JDM, especially when considering the presently stayed body attachment order that the Debtor could evade by fleeing the jurisdiction. The only adequate protection the Debtor can provide to Harnack during the pendency of this bankruptcy proceeding is compliance with all the terms of the Travel Bar Order.

34. Thus, the automatic stay should be modified to allow Harnack to enforce the Travel Bar Order in the Divorce Court and to intervene in the Fanady Divorce Proceeding with respect to the Greek Vacation Motion.

B. **<u>The Court Should Enforce the Travel Bar Order</u>**

35.     The Debtor has submitted to the jurisdiction of the Court by filing his voluntary petition and seeking the protection of the automatic stay. As set forth in the Harnack Motion to Dismiss, that filing was done in bad faith, and the Debtor should not be permitted to use the automatic as a sword to cut through his ongoing obligations under existing court orders.

36.     Section 105(a) of the Bankruptcy Code gives the court broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" or to "enforce or implement court orders or rules, to prevent an abuse of process." 11 U.S.C. §105(a).

37.     Given the serious allegations set forth in the filed motions to dismiss,[2] as well as Harnack's concern that Debtor may be looking for a way to further escape pending (and future) court orders, this Court should enter an order enforcing the Travel Bar Order, requiring the Debtor to turn over his passports and preventing him from leaving the country until he has fully complied with the JDM (or at least pending a ruling on the Harnack Motion to Dismiss).

*[Remainder of Page Intentionally Left Blank]*

---

[2]     The Debtor's second ex-wife, Gina Fanady, has also filed a motion to dismiss this chapter 13 proceeding. [Docket No. 22.]

**WHEREFORE**, Harnack respectfully requests that this Court enter an order substantially in the form submitted herewith granting the relief requested herein and such further relief as may be equitable and just.

Dated: April 8, 2021                                     Respectfully submitted,

**PAMELA HARNACK**

By: ___/s/ Elizabeth B. Vandesteeg___
Elizabeth B. Vandesteeg, Esq.
Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
2 N. La Salle, Suite 1300
Chicago, Illinois 60602
Telephone: 312-346-8380
e-mail: evandesteeg@lplegal.com
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

11